Freeman, J.,
delivered the opinion of the Court.
This record presents the following state of facts: Geo. W. Bogle .and W. It. Bogle, on March 13, 1861, sold a tract of land of about seventy acres, to one F. A. Womack, at the price of $1,500. They took from him a penal bond in the sum of three thousand dollars, of that date, with one A. S. McKnight as security on the same, binding said Womack to assume and pay for the said G. W. and W. It. Bogle, the following debts: $750, due from them to John H. Smith, due 25th December, 1860; one debt to T. B. Brevard for $150, endorsed by A. S. McKnight and J. P. McKnight; one judgment in favor of *99 T. B. Brevard for $195, stayed by P. S. Leacb; $20 against W. R. Bogle, stayed by A. S. McKnight before N. W. Summar, a Justice of the Peace, and remainder of the $1,500 for said land, to be paid on a debt W. R. Bogle owed J. B. Brevard, due 25th day of December, 1860.
The instrument concludes as follows: “Now if we shall pay the above specified debts for the said W. R. and G. W. Bogle, then this obligation to be void, otherwise to remain in full force and effect.
“T. A. Womack, [Seal.]
“A. S. McKNight, [Seal.]”
Womack, the vendee, died some time after his purchase, and failed to pay the debts as he had bound himself by his bond to do.
On April 25th, 1866, the said G. W. Bogle and W. R. Bogle filed their original bill in the Chancery Court at Woodbury, in which they state the facts as above, against Martha J. Womack, the widow of F. A. Womack, one Brison, his administrator, and his minor children, Sarah'J. B., Margaret L. and Cicero Womack, and pray that the contract be rescinded; and if that cannot be done, then that the land be sold to pay the $1,500. They do not in terms claim a lien on the land, but assume their right to have it sold, partly on the ground of vendor’s lien, and partly on the ground that Womack had another tract of land, out of which the widow had been endowed, sufficient to pay balance of his debts, and that McKnight, the surety to the bond, had become insolvent.
Defendants were all regularly served with process in this ease; guardians, ad litem, appointed for the minors, who filed an answer for them; the adult defendants fail *100 ing to answer, an order pro confesso was regularly taken against them; and we may add that, from this time, there seems to have been a series of errors and irregularities to the end of the ease.
There were some depositions taken which showed that the debts had not been paid by Womack, and that on one debt one of the Bogles had paid $95; and that McKnight, the surety, had become insolvent, and that T. A. Womack’s personal estate was small, not enough to pay his debts; and that by selling the land outside the dower, on which the widow lived, it might pay his other debts, but not this debt of $1,500. So this case stood until August 24, 1867, when T. B. Brevard, whose debts were to have been paid by the said Womack, intervened, by an ex parte petition, “filed, in the language of the petition, in the nature of a cross bill, in which he states the above proceedings, claims that he is interested in the matter, as being the party, or one of the parties who was to be paid by Wo-mack, and that his debt, then amounting to about $1,000, was unpaid, except the $95 paid by one of the Bogles;” and then adds, “petitioner will further show and charge, that as the land was sold and the purchase money was to be paid to petitioner, that he has a lien on said land for his money as a vendor’s lien;” he then prays that he may become a party complainant in the above suit — and then prays that on final hearing the land be sold, for all the parties concerned, and the debt of petitioner paid, and winds up with a prayer for general relief.
No parties are made to this petition, nor any process prayed against any one. Upon presentation of this ex parte petition, the Court ordered that he be allowed to he made *101 a party complainant, by consent of the complainants, and the canse was then continued till the next term of the court.
The next thing we find in the record is an attachment bill, filed by one C. B. Summar against W. B. and G. W. Bogle, in which it is claimed that Summar, as indorser for W. It. Bogle and F. A. Womack, had a judgment rendered against him, together with the said parties, in favor of one Cummings, for - dollars, and that he, as such indorser, was compelled to pay the same, amounting to $>292.72, and that Womack had since died, and that the administrator had suggested the insolvency of his estate, and therefore he did not sue the said administrator; that W. B. Bogle was liable to him for this money, and had no other means to pay it except as hereinafter stated; that on the day this judgment was rendered, W. B. Bogle sold his interest in 230 acres of land to his son, G. W. Bogle, and that this sale was fraudulent and void; made to hinder and delay his creditors; that the land had been sold to various parties, till there.only remained between fifty and one hundred acres, on which said W. B. Bogle now lives, it being the land in controversy. The bill then charges that the said defendants are about to fraudulently dispose of said land to defraud him, and delay him in the collection of his debt.
He prays that they may be made defendants, that an attachment issue attaching said, land, and that on final hearing the land be sold on six months’ credit without right of redemption, and the proceeds be applied to the payment of his debt. ,
This bill was filed April, 12, 1867. The defendants, G. W. Bogle and W. B. Bogle, filed a plea in abate *102 ment to this bill, alleging that the sale to G. W. Bogle by W. B. Bogle was made in good faith and for a valuable consideration, and denying that they had fraudulently conveyed, or were about fraudulently to convey the land in the bill mentioned, and asking that the attachment be abated and the bill dismissed.
This plea was set down for argument as insufficient, or, what was equivalent to it, a motion was made to strike it out, and the motion sustained by the Chancellor. In the meantime, at February Term, 1868, Summar filed a petition ex parte, ■ in which he states the fact of the filing of his bill; refers to the allegations as a part of this petition; then states that he was not aware, at the time of filing his attachment bill, of the preceding suits hereinbefore mentioned, nor of the fact of the sale of the land to F. A. Womack; that said sale to Womack was fraudulent, and intended to cheat, wrong and defraud petitioner and other creditors of the said G. W. and W. B. Bogle; and that in that suit they were trying to have the land sold to pay Brevard’s debt, in fraud of the rights of petitioner, as attaching creditor. He prays that his suit against the Messrs. Bogle be consolidated with the other cases, and be heard together. Upon this petition, the Chancellor ordered that it be consolidated with this cause, and that they be tried together.
From an agreement in the record, it would seem that the bill of Summar was taken for confessed against the Messrs. Bogle, after their plea was disallowed.
There are various papers in the record, purporting to be judgments in favor of Brevard, and a paper purporting to show a judgment in favor of Cummins, against *103 W. R. Bogle, E. A. Womack and C. B. Summar, together witb what purports to be a Constable’s receipt, which recites the fact that Summar, as indorser, had satisfied the judgment. We need but say here, that we can not look to these papers for any purpose^ They are not made exhibits, are not marked filed, and have nothing upon them by which we can see that they are evidence in the cause. As to the Constable’s receipt, it is not shown to have ever been filed in the cause; nor would it be any evidence against the minor heirs of Womack, if it had been filed, or perhaps against anybody else, except the Constable, or his principal, Cummins, in a proper case. It cannot be looked to here, for any purpose.
Upon this state of the facts, the cases, . as consolidated, were all heard together; and the Chancellor rendered a decree upon bill, order pro confesso, answer of the minors by guardian ad litem, exhibits and proof, in which he declares that the sale of the land by the Messrs. Bogle to Womack was bona fide, and that a deed was made conveying it to him; that the bond executed by Womack, with McKnight as security, by which Wo-mack had bound himself to pay the $1,500, the price of the land, to J. H. Smith and T. B. Brevard, in discharge of the debts of W. R. Bogle, created a lien on said land in favor of the Messrs. Bogle, for the use of Smith and Brevard, to the amount of the $1,5.00, and that Womack was dead, and McKnight insolvent; that T. B. Brevard had made himself party complainant, and had established his debts, which he declared were a lien on the land; that it was suggested and admitted that *104 Smith’s debt, secured by Womack’s bond, had been paid .by the Bogles, and an order of reference was made to ascertain the amount so paid, and by which one of them. The Court then decrees that the attorney’s fees, costs, and debt of Brevard were a prior lien to Summar’s debt; ascertains the amount of Summar’s debt, amounting to $>302.35; and that he, having filed his attachment bill before the purchase money for the land was paid, has a lien on any amount that may be found due W. 11. and G. W. Bogle for money paid oh the Smith debt; and then decrees that the land shall be sold; from which decree, defendant, Summar, prays an appeal to this Court; and then the parties agree that the land shall be sold, notwithstanding the appeal; but the funds are retained in court till next term. We may add that a petition for re-hearing was filed by Summar, which was refused, but this need not be further noticed.
It is difficult to decide how much of this decree is before us for revision, but as the three cases seem to have been treated as one case in the Court below, and in the argument here, we deem it due to the ends of justice to make a decision that will settle all the questions made in the record.
1. It is clear that the Bogles had no lien whatever on the land for the payment of the $1,500 purchase money agreed to have been paid to Smith and Brevard by Womack, and for which they took the bond of Womack and McKnight, as security.
“A vendor is presumed to intend to retain his lien upon the conveyed premises for payment of the purchase *105 money, and the circumstance to manifest the non-existence of such intention, must be shown by the vendee.” Campbell v. Baldwin, 2 Hum., 248.
The taking of a note for the purchase money, with the indorsement of a third person, is evidence that the lien of the vendor is waived and abandoned. “This prima facie evidence, to be sure, may be repelled by proof, but the onus lies upon the vendor to make that proof; and if he fails to do so, it must be held that the lien was waived and abandoned.” Marshall v. Christmas, 3 Hum., 617, 618. There is nothing in this case to rebut the presumption of waiver raised by taking the penal bond of "Womack, with McKnight as surety. It is a much stronger case than the taking of a note with the indorsement of a third party.
If the Bogles, then, had no lien, it follows that Bre-vard had none, as a matter of course, nor right of substitution to any, in the place of said Bogles, who had none themselves.
Summar is contesting the question of priority of liens, as between his attachment bill and Brevard’s assumed lien, by virtue of the bond given by Womack to the Bo-gles. We have seen that Brevard had no lien; and it is equally clear that Summar has no lien by virtue of these proceedings, on either the land or its proceeds. His attachment bill was filed against the Bogles alone; they alone are made parties to it. The fact that it was, as it is called, “consolidated” with the original cause of the Bogles v. Womack, et ais, can give no lien or right of any kind against the land of the widow and heirs of Womack, *106 wbo are not made defendants to tbis bill, and have no cbance to contest his right. Besides, the decree settles, properly from the facts of the case, that the sale by the Bogles to Womack was bona fide, and not fraudulent. Summar now complains of the decree because it gives Brevard a lien on the land in preference to him. As against the true owners, the heirs and widow of Womack, Summar’s bill gave him no lien or right whatever, under the facts of the case and the state of the pleadings in this record.
It seems to have been thought by the counsel and acted on by the Court, that because the various parties had been allowed to consolidate their cases with the original case, that they were entitled to consider the defendants to the original case as defendants to their bill, and have a decree against them, part of them being minors, without even making an issue with them by the pleadings, or giving them a chance to be heard.
We need not go into a farther discussion of the case, as we might, and ■ point out other errors apparent in the proceedings.
Inasmuch as the whole contest seems to have turned on the question of the Bogles and Brevard having a lien for purchase money, and the land of minors has been ordered to be sold without authority, we proceed, as far as we can, to give such decree as the Chancellor should have given or might have given in the case.
We, therefore, decree:
1. That the Bogles had no lien on the land.
2. That Brevard had none.
*107 3. That Summar had none on this land attached, because there is no proof in the record that the sale to "Womack was fraudulent, even if, in the state of the pleadings, he had been in a condition to show that fact.
4. That inasmuch as the Chancellor has found the-amount of the debt due by W. R. Bogle to be $302.30, and this debt is not contested, a decree can be entered against said Bogle personally for said sum.
5. That the order of sale of the land and the payment of the attorney’s fees and costs out of its proceeds be set aside.
And lastly, that all the balance of said decree be reversed, and that complainants, Bogles and their sureties for the prosecution of the suit, pay the costs of their bill against'Martha J, Womack, the widow of E. A. Womack, the same being ordered to be dismissed; that Brevard pay the costs incident to his being made party to the suit.
That W. R. Bogle pay the costs of the case of Sum-mar against him, and Summar and his security pay all the costs of this Court.